**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**William Wise MOCK, aka William**
**Marvin Wise, Defendant—**
**Appellant.**

No. 03–30093.

D.C. No. CR–02–00102–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 2004.

Decided Jan. 15, 2004.

Russell E. Smoot, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Lana C. Glenn, Law Office of Lana C.C. Glenn, Spokane, WA, for Defendant–Appellant.

Before HUG, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Defendant William Wise Mock appeals his convictions for attempting to manufacture methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and endangering human

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

life while illegally manufacturing a controlled substance, 21 U.S.C. § 858.

1. The evidence permitted a rational jury to find beyond a reasonable doubt that Defendant attempted to manufacture methamphetamine. His apartment contained chemicals necessary to manufacture methamphetamine and equipment usually employed for that purpose. Additionally, on the date charged in the indictment, there was an explosion in Defendant's apartment, followed by a fire. Defendant was seen leaving the apartment at that time; he did not report the explosion and fire, nor did he return to his apartment, but was arrested elsewhere three days later. At the time of his arrest he was suffering from recent burns; in his apartment, after the explosion and fire, a T-shirt found in Defendant's apartment was found to contain red phosphorous, iodine, and methamphetamine, as well as scraps of burnt human skin. This evidence was sufficient to support the jury's verdict. *See United States v. Taylor*, 716 F.2d 701, 711 (9th Cir.1983) (holding that sufficient evidence supported defendant's conviction for attempted manufacture of methamphetamine where testimony showed that the defendant picked up precursor chemicals ordered by a co-defendant, inquired about the purchase of glassware and laboratory equipment, and periodically resided in a home "where extensive precursor chemical supplies and laboratory equipment were found").

2. The evidence also permitted a rational jury to find beyond a reasonable doubt that the foregoing attempted manufacture of methamphetamine endangered human life. At the time of the explosion and fire, people were asleep in neighboring apartments. After discovering the chemicals and Coleman fuel in Defendant's apartment, the fire department evacuated the entire four-unit apartment complex.

AFFIRMED.